UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CR-139-BR

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | ORDER |
| ANOTNIO MARCIAL NAVARETTE | |

This matter is before the court on defendant's motion pursuant to the decision in United States v. Holloway, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). (DE # 92.) Defendant appears to seek a reduction in his sentence.

> In th[e Holloway] case, Holloway and an accomplice stole three cars at gunpoint over a two-day period. Holloway was charged with three counts of carjacking and three counts of using a firearm during the commission of a violent felony, in violation of 18 U.S.C. § 924(c). [Holloway, 68 F. Supp. 3d] at 312. He was convicted on all six counts and was sentenced to 151 months concurrent on each of the carjackings and a series of consecutive sentences for the § 924(c) convictions, resulting in a total term of imprisonment in excess of 57 years. Id. at 312-13. Holloway's sentence was affirmed on appeal, and subsequent § 2255 petitions were unsuccessful. Id. at 313-14. Holloway then moved to reopen his initial § 2255 petition pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Id. at 314. The district judge, apparently troubled by the harshness of Holloway's sentence but recognizing that there were "no legal avenues or bases for vacating it," urged the United States Attorney to agree to an order vacating one or more of Holloway's § 924(c) convictions. Id. The United States Attorney declined to agree to such an order, observing instead that Holloway may be eligible for clemency. Id. After the Department of Justice announced the criteria it would use in its nationwide clemency initiative, the district court determined that Holloway was likely disqualified from seeking clemency. Accordingly, the district court asked the United States Attorney to reconsider her position. Id. She agreed to do so and withdrew her opposition to Holloway's Rule 60(b) motion. Id. Thereafter, the district court vacated two of Holloway's § 924(c) convictions and imposed a sentence of time served. United States v. Holloway, No. 1:95-cr-00078-JG-4 (E.D.N.Y.), ECF No. 259.

United States v. Carrizoza, No. 1:02-CR-00045-MR-1, 2017 WL 2951920, at *2 (W.D.N.C. July 10, 2017).

Even assuming Holloway provides an appropriate basis for this court to reduce defendant's sentence, cf. id. ("[E]very district court within this Circuit which has addressed the issue has declined to apply Holloway to reduce a defendant's sentence." (collecting cases)), this case does not present the unique and compelling circumstances as in Holloway.  Here, defendant was convicted of two charges--conspiracy to distribute and possess with the intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. § 846 and use of interstate transportation facilities in the commission of murder-for-hire in violation of 18 U.S.C. § 1958.  Defendant did not face mandatory consecutive sentences under § 924(c), like Holloway did.  In fact, this court ordered that defendant's sentences run concurrently.  In addition, although defendant did not successfully obtain habeas corpus relief under 28 U.S.C. § 2255, (see DE # 74), the court significantly reduced his sentence on the drug count pursuant to 18 U.S.C. § 3582(c)(2), (DE # 89).

Because relief is not warranted, defendant's motion is DENIED.

This 17 January 2018.

_____
W. Earl Britt
Senior U.S. District Judge